UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CRYSTAL HOFMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:10-cv-37-SEB-WGH |
| ) | |
| ASPEN DENTAL MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S
VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer and Defenses to Plaintiff's Verified Complaint and Demand for Jury Trial filed August 10, 2010. (Docket No. 29). Plaintiff filed a Response on August 19, 2010. (Docket No. 34).

**Discussion**

Defendant filed this motion seeking to amend its Answer. The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving

party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, Defendant asserts that it needs to amend its Answer after the completion of its investigation into the facts surrounding Plaintiff's termination in order to more accurately reflect what occurred. There are four categories of answers that Defendant seeks to amend. First, it seeks to *deny* certain portions of the Complaint where it previously asserted that it was "without information sufficient to form a belief" about the matter. Second, it seeks to *admit* certain portions of the Complaint where it previously asserted that it was "without information sufficient to form a belief" about the matter. Third, it seeks to *admit* certain portions of the Complaint where it previously denied Plaintiff's allegations. And fourth, it seeks to *deny* certain portions of the Complaint where it previously admitted Plaintiff's allegations.

Plaintiff argues that it will suffer prejudice if the Court permits Defendant to amend its Answer because Plaintiff has already filed a motion for summary judgment in reliance on Defendant's Answer. Plaintiff concedes that generally, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a statement that a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation" is tantamount to a denial. However, Plaintiff argues that there are certain circumstances where an answer that a party lacks information can amount to an admission, and that this is such a situation. As Judge Roven noted in

*Exchange Nat. Bank of Chicago v. Brown,* "[t]he principle of Rule 8(b) will not apply if want of knowledge is asserted and the fact to which it is asserted is plainly and necessarily within the defendant's knowledge, making such an averment palpably untrue." *Exchange Nat. Bank of Chicago v. Brown,* 1985 WL 2274 at *2 (N.D. Ill. 1985). But, the Seventh Circuit has indicated that an averment in an answer that a party lacks sufficient knowledge to admit or deny a portion of the complaint amounts to an admission only when "the assertion of ignorance is obviously sham." *American Photocopy Equipment Co. v. Rovico, Inc.,* 359 F.2d 745, 747 (7th Cir. 1966).

In analyzing all of the instances where Defendant seeks to amend its Answer, the Court concludes as follows:

First, as for Paragraphs 16, 17, 20, 21, 22, 24, 42, 50, 56, and 61 of the Amended Answer, Defendant is simply seeking to admit various allegations made by Plaintiff in her Complaint where it had initially asserted that it lacked sufficient knowledge to admit or deny. Allowing these changes would in no way prejudice Plaintiff. These changes, in fact, help Plaintiff by narrowing the list of disputed issues of fact.

Second, with regard to paragraphs 37, 44, 46, 47, and 51, Plaintiff seeks to change several denials to admissions. These changes likewise help, rather than hinder, Plaintiff's cause.

Third, as for paragraphs 18, 23, 25, 26, 38, 39, 49, and 57, Defendant seeks to deny assertions made in the Complaint that it had initially stated it lacked sufficient knowledge to admit or deny. These eight paragraphs essentially involve

allegations about conversations that took place between Plaintiff and various Aspen Dental employees.  While Defendant initially asserted that it lacked sufficient knowledge to admit or deny each of these allegations, such averments clearly do not rise to the level of sham.  When Defendant asserted that it lacked sufficient knowledge about these conversations, the Court cannot conclude that such an assertion is "palpably untrue."  Therefore, the amendment of these paragraphs in the Answer is permissible.

There is a fourth category of amendment where Defendant seeks to deny allegations that it had previously admitted that presents the Court with a more difficult decision.  In paragraph 55[1] of the Complaint, Plaintiff asserted that she was informed that she was being terminated because she violated HIPPA.  (Complaint ¶ 55).  Defendant initially admitted that it had been advised that Plaintiff had been removing HIPPA protected information from the office shortly before it terminated Plaintiff.  (Answer ¶ 55).  But, now Defendant seeks to deny the allegations in paragraph 55 of Plaintiff's Complaint.  (Amended Answer ¶ 55).  Plaintiff argues that she relied on this admission in the Answer in fashioning her argument in her Motion for Summary Judgment and that Defendant should not be permitted to "take back" what it previously admitted.  In this instance, the Court concludes that the amendment should be allowed.  If however, it is determined later, at the

---

[1] The Court notes that, technically speaking, there are two other questionable paragraphs (14 and 28) where Defendant arguably has changed its Answer from an admission to a denial.  However, neither of these appear to be material changes, and Plaintiff does not argue that they should be disallowed.  Consequently, the Court will permit these amendments.

summary judgment stage, that the admission formed a material portion of Plaintiff's Motion for Summary Judgment and the amendment to a denial now interferes with Plaintiff's summary judgment motion, then the Court may be required to address whether the amendment amounted to sanctionable conduct.

## Conclusion

For the reasons outline above, Defendant's Motion for Leave to File Amended Answer and Defenses to Plaintiff's Verified Complaint and Demand for Jury Trial is **GRANTED**.

**SO ORDERED.**

**Dated:** September 9, 2010

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Jane Ann Himsel
LITTLER MENDELSON
jhimsel@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com