UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CRYSTAL HOFMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:10-cv-37-SEB-WGH |
| ) | |
| ASPEN DENTAL MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER ON DEFENDANT'S MOTION TO COMPEL

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, in Evansville, Indiana, at 3:30 p.m., on March 9, 2011, for a hearing on the Defendant's Motion to Compel. (Docket No. 79). The Plaintiff was represented by counsel, Mary Lee Schiff. The Defendant was represented by counsel, Scott James Preston.

The parties stipulate that they have resolved all matters except the question of whether further answer is required to Defendant's Interrogatory No. 6, which states:

> Have you or anyone acting on your behalf obtained any statements, affidavits, or declarations of any kind that refer, relate, or in any way pertain to the allegations in your Complaint? If so, identify the nature of the information received and provide the name, address, and telephone number of the declarant, affiant, author, and the date you obtained the statement.

The Magistrate Judge, having reviewed the authorities presented by the Defendant, and being duly advised, denies the Motion to Compel.

In this case, by answer to interrogatory the Plaintiff has advised the Defendant that they have obtained statements from two individuals (the original answer to the interrogatory has been supplemented by counsel). Therefore, the answer to the interrogatory has been made in the affirmative.

The Magistrate Judge notes that this is an *interrogatory* and not a *request for production of documents.* As such, the Plaintiff is not asked to provide copies of any such statement. By asking in an interrogatory for counsel to "identify the nature of the information received," the answer to the interrogatory will likely require counsel to disclose the attorney's mental impressions, conclusions, and legal theories concerning the nature of the communication. Federal Rule of Civil Procedure 26(b)(3)(B) requires this court to protect against the disclosure of such information. Therefore, the Magistrate Judge concludes that the Plaintiff's counsel need not answer such an interrogatory.

Had this discovery dispute involved a request for production of any such statements, the Plaintiff's counsel would be obligated to identify whether statements were in existence and identify those which are being withheld pursuant to attorney-client or work product privilege by an appropriate privilege log. The parties are reminded that Federal Rule of Civil Procedure 26(b)(3)(B) provides that discovery of such statements – at least as to those that have been obtained after the commencement of litigation – are only discoverable if the Defendant shows that it has "substantial need" for the materials and cannot, without undue hardship, obtain their substantial equivalent by other means.

The Defendant has not made any showing of substantial need, nor that they cannot obtain the substantial equivalent of these statements (by interviewing those witnesses themselves) without undue hardship.

Therefore, the Motion to Compel is **DENIED.**

**SO ORDERED.**

**Dated:** March 18, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Rhett David Gonterman
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
rgonterman@zsws.com

Scott James Preston
LITTLER MENDELSON, P.C.
spreston@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com