UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CRYSTAL HOFMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:10-cv-37-SEB-WGH |
| | ) |
| ASPEN DENTAL MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Motion to Compel filed March 8, 2011. (Docket No. 111). The Defendant filed its Memorandum of Law in Opposition to Plaintiff's Motion to Compel on March 25, 2011. (Docket No. 115). A reply brief has not been filed.

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Plaintiff's Motion to Compel, as follows:

1. **Sue Decker's Notes/Files:** The Magistrate Judge concludes that notes taken by Sue Decker, Aspen's Vice President of Human Resources, of a telephone call which she conducted with Aspen Manager Michelle Brown and at least one other hourly employee two days before the Plaintiff was terminated cannot be found to be items created in anticipation of litigation. While, in a sense, any termination decision can result in litigation, these notes appear to reflect discussions concerning why the Plaintiff was to be terminated, and they

do not seek counsel's advice as to how to respond to an explicit threat of litigation or respond to litigation already filed. Because these notes were not created in anticipation of litigation, the Motion to Compel is granted.

2. **Information Given to Littler – Plaintiff's Request for Production Nos. 13-14:** The Motion to Compel is denied as to Request for Production No. 13 based upon Aspen's representation that all non-privileged documents have been produced and that all other documents have been identified in the privilege log. With respect to Plaintiff's Request for Production No. 14, the Motion to Compel is granted to the extent that the relevancy objection raised by Aspen is overruled. It is the Magistrate Judge's understanding that the case currently before the Court is a retaliation claim alleging that the Plaintiff has been retaliated against in part because she filed EEOC Charge of Discrimination No. 24C-2009-00108. Non-privileged documents which relate to actions taken by Aspen after its receipt of the filed Charge may be relevant to the issue of whether retaliation occurred between the date Aspen received notice of the Charge and the time the Plaintiff was terminated on September 30, 2009. To the extent that Aspen has failed to produce any items based on a relevancy objection, or has not properly logged attorney-client or work produce documents based solely on their relevancy objection, they must produce those documents and an amended privilege log within fifteen (15) days of the date of this Order.

3. **Todd Anderson's Notes/Files:** The Motion to Compel is denied. The Magistrate Judge finds that Daly is not a comparator to the Plaintiff, and

discipline taken or not taken with respect to Daly is not relevant to the claims before the Court.  Likewise, there is no showing that Anderson, in fact, took notes at any meeting immediately before or after the decision to terminate the Plaintiff.  Should Anderson testify at trial, and should he produce notes that are relevant to his recollection or used to refresh his recollection of that meeting, however, Aspen may be subject to some type of sanction for failing to disclose those notes, as they may be relevant to the decision to terminate the Plaintiff.

4. **Litigation Hold Documents and Preservation of Evidence:**  The Motion to Compel is denied.  The Magistrate Judge concludes that "litigation hold letters" prepared by counsel giving instructions to the client as to in what manner to protect discoverable information are protected by either the attorney-client privilege as to legal advice or as to the attorney work product doctrine because they were prepared in anticipation of litigation and will disclose the attorney's opinions as to critical elements of the defense.  The Plaintiff has made an insufficient showing that there is substantial need for the materials.

5. **DOL Records – Plaintiff's Request for Production No. 16:**  The Motion to Compel is granted because the Plaintiff has brought a claim alleging retaliation for the filing of Department of Labor Charges.  Documents reflecting what has or has not been done in response to any such investigations may be relevant to determine whether retaliatory actions were taken in response to particular actions taken by the Department of Labor in the course of their investigation.  To the extent that Aspen wishes the Plaintiff to sign a release to

produce the financial information which was given to the Department of Labor, the Plaintiff shall promptly produce such a release.

6. **Similarly Situated Employees/Discipline – Plaintiff's Request for Production Nos. 3-13, 27-29, 37):** The Motion to Compel is denied based upon the representation that Aspen has provided the personnel records for the ten Aspen employees listed in their brief in opposition.

7. **HIPPA Training Records/Enforcement:** The Motion to Compel is granted, in part, and denied, in part. The Magistrate Judge concludes that the requests as stated are over broad. To the extent that Aspen raises the defense that the Plaintiff was terminated because she violated HIPPA policies or procedures, it is directed to produce copies of any applicable policy or procedure which they intend to introduce into evidence at trial to establish that the Plaintiff violated these procedures.

8. **Plaintiff's Interrogatory No. 1:** The Motion to Compel is denied in that the name of the individual assisting in the answer of a particular interrogatory is not relevant.

To the extent that Aspen is required to comply with this order, they should do so within fifteen (15) days of the date of the order.

**SO ORDERED.**

**Dated:** April 4, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Rhett David Gonterman
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
rgonterman@zsws.com

Scott James Preston
LITTLER MENDELSON, P.C.
spreston@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com