UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CRYSTAL HOFMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:10-cv-37-SEB-WGH |
| ) | |
| ASPEN DENTAL MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER ON PLAINTIFF'S MOTION FOR LEAVE
# TO AMEND AND SUPPLEMENT HER COMPLAINT

This cause is before the Court on Plaintiff's Motion for Leave to Amend and Supplement Her Complaint (Docket No. 106), filed on February 19, 2011. Plaintiff seeks permission to add and/or clarify certain relevant facts, to add a claim for unpaid wages under the Fair Labor Standards Act, and to assert a claim for post-termination retaliation in violation of the Fair Labor Standards Act. For the reasons detailed in this entry, Plaintiff's Motion for Leave to Amend and Supplement Her Complaint is **GRANTED in part** and **DENIED in part,** as follows:

1. The motion for leave to add and/or clarify factual allegations is granted.

2. The motion for leave to add a claim for unpaid wages under the Fair Labor Standards Act is also granted, for the reason that this claim falls within the appropriate statutory limitation period. As detailed in pages 2 and 3 of her reply brief respecting her

efforts to discern the status of the Department of Labor's investigation (Docket No. 112), Plaintiff has neither waived nor intentionally relinquished her right to bring that claim. However, if it is subsequently determined that this claim is untimely, it can be bifurcated from a trial on the timely claims previously raised by Plaintiff.

3. The motion for leave to amend Plaintiff's claim for post-termination retaliation is denied. As the Seventh Circuit has explained, conduct occurring within the course of litigation does not give rise to a retaliation claim because the conduct does not constitute an adverse employment action. *Steffes v. Stepan Co.,* 144 F.3d 1070, 1075 (7th Cir. 1998). While there are exceptions to this general rule, the claims sought to be added to the proposed amended complaint here do not fall within those recognized exceptions. The proposed amendment states:

> 103. Without any legitimate factual or legal basis for threatening Hofmann with criminal prosecution under HIPAA, on January 13, 2011, January 31, 2011, and February 11, 2011, Aspen threatened Hofmann with being subjected to civil monetary penalties and criminal penalties in the form of fines up to an amount of $250,000 and possible imprisonment because back in September of 2009 she allegedly "wrongfully removed provider schedules from Aspen Dental" and "she disclosed those documents to" her attorney. (Docket 84, Docket 99 and Docket 103)

> 104. Aspen threatened Hofmann by stating that the "United States Department of Justice has aggressively prosecuted covered entities, individuals and third parties for violating" HIPAA, "inter alia, the federal aiding and abetting statute" and the only implication Hofmann can take from Aspen's threats is that Aspen now intends to come after her and/or induce the DOJ to come after her and her attorney for an alleged HIPAA violation based on events that happened in 2009. (Docket 99 p. 8)

4. The "threats" described in paragraphs 103 and 104 of the proposed amended complaint were all statements contained in *briefs* filed with this Court in the pending case. These alleged "threats" are excerpted from the argument section of the briefs filed in support of a motion to disqualify counsel, an amended motion to disqualify counsel, and in the reply brief relating to that motion. Such arguments by a party, even if "threatening," when contained in a brief do not fall within the exception addressed by then District Judge Hamilton in *Harper v. Realmark Corp.,* 2004 U.S. Dist. Lexis 15673 (U.S. Dist. Ind. 2004), whose analysis we adopt here. Inappropriate rhetoric contained in a brief, offensive though it may be, is not an adverse employment action nor is it the type of conduct which could reasonably dissuade Plaintiff from pursuing her case already pending before the Court. Accordingly, we conclude that because Plaintiff's proposed claim would be futile, her motion for leave to amend her Complaint in that respect must be denied.

In summary, the Motion for Leave to Amend and Supplement Her Complaint is **GRANTED in part** and **DENIED in part.** Plaintiff is directed to file her conforming pleading (deleting references to paragraphs 103, 104, and any related claims for relief) within ten (10) days of the date of this Order.

IT IS SO ORDERED.

Date: 04/27/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Rhett David Gonterman
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
rgonterman@zsws.com

Scott James Preston
LITTLER MENDELSON, P.C.
spreston@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com