UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CRYSTAL HOFFMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:10-cv-37-SEB-WGH |
| ) | |
| ASPEN DENTAL MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTION TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL**
(Docket No. 120)

Before the Court is Plaintiff's Objection to the Magistrate Judge's Order denying in part her motion to compel. For the reasons summarized below, the Objection is <u>SUSTAINED IN PART</u> and <u>OVERRULED IN PART</u>.

Plaintiff Crystal Hofmann brought this lawsuit seeking relief against her former employer in three counts – the first two for retaliation in response to the exercise of her rights under the FLSA and Title VII, respectively, and the third count for Aspen's failure to pay wages she was allegedly entitled to receive, in violation of the FLSA. Defendant, Aspen Dental Management, Inc., ("Aspen") denies that Plaintiff was retaliated against for the reasons cited by Plaintiff, claiming it terminated her for job related performance deficiencies that included her misuse of statutorily protected medical records under HIPPA and for her persistent negative attitude and negative comments about Aspen made

by Plaintiff to co-workers and others.

The facts underlying this lawsuit are still in flux and, at least insofar as we can discern, somewhat convoluted. We summarize them here not so much for accuracy as in an effort to understand the pending discovery dispute within the context of the claims at issue in this litigation.

Plaintiff Hofmann's employment with Aspen Dental began in March 2008 when she became employed as a dental assistant. When Hofmann started this job, Monica Daly was the office manager and Hofmann's direct supervisor. Sometime thereafter, Daly was promoted and no longer directly supervised Hofmann.

At some point, Hofmann found herself crosswise with her Aspen supervisors primarily because of her unhappiness over payroll related issues, which she apparently chose to openly discuss from time to time, her dissatisfaction with pay scales, conversing with fellow employees on these issues and on occasion doing so in the presence of patients and/or members of the public. After complaining to Regional Manager Gabe Hofmann about the alleged payroll inequities and also criticizing the practice of Monica Daly in adjusting the electronic payroll records ostensibly to avoid Aspen's having to pay overtime rates, Daly learned of (Crystal) Hofmann's complaints and directed her to cease her negativity and criticisms. Not long thereafter, when Crystal Hofmann failed to comply with Aspen's requests to stop discussing payroll matters with others, Aspen terminated her (the first time) in July 2009. This termination prompted Hofmann to file complaints against Aspen with EEOC and with the Department of Labor.

For reasons not made entirely clear to us, Aspen decided to hire Hofmann back. While the employment discrimination claims were still pending, Monica Daly contacted Hofmann to invite her to return to work, and Hofmann accepted the invitation. The prior problems of negative behavior on the part of Ms. Hofmann surfaced once again, requiring Office Manager Michelle Brown to counsel her. After the counseling by Ms. Brown, another, more serious problem arose when Aspen's management learned that Ms. Hofmann had removed from the office various HIPPA-protected "Provider Schedules" to give to her lawyer for use in prosecuting her pending discrimination and FLSA claims. Almost immediately after learning of this unauthorized use of medical records information, Ms. Brown terminated Ms. Hofmann's employment (for the second time.) Sue Decker, Aspen's Vice President for Human Relations, in response to Ms. Hofmann's request for a statement of the reasons explaining why she was being terminated, cited both her HIPPA violation as well as Ms. Hofmann's continued "violations of employee conduct rules by being disruptive in the workplace and interfering with other employees' ability to work effectively and efficiently. This disruptive behavior includes exhibiting a negative attitude, making negative comments to both your co-workers and patients, and acting disrespectful towards Dr. Woo and your co-workers."

Apparently discovery has disclosed that two of Plaintiff's co-workers, Ms. Mackey and Ms. Toone, had lodged complaints with one Todd Anderson, a Regional Manager for Aspen, regarding Ms. Daly's alleged unprofessional conduct. The meeting with Mr. Anderson occurred near the time Ms. Hofmann lost her job in part based on her negative

behaviors and attitude. Ms. Hofmann theorizes that the complaints made by Mackey and Toone about Ms. Daly were not unlike the complaints she, herself, had made about Daly, but neither Ms. Mackey nor Ms. Toone was disciplined or terminated for her "negative behavior." This inconsistent response to employees' "negative behavior," according to Hofmann, suggests that she was not in fact fired for negative behavior and that Aspen's explanation that she was fired for her negative behavior was/is pretextual, because the real reason she was fired was due to Ms. Daly's retaliation, since Daly was the real decision-maker with regard to Hofmann's termination, for her (Hofmann's) complaints about Ms. Daly's violations of FLSA and Title VII, including Daly's manipulation of payroll records.

Plaintiff has limited her objection to the portion of the April 4, 2011, denial by the Magistrate Judge captioned the "Todd Anderson's Notes/Files."[1] Hofmann sought production of notes allegedly taken by Anderson reflecting the substance of his conversations with the two co-workers. The Magistrate Judge denied this portion of the Plaintiff's motion to compel on two grounds: 1) that Daly was not a comparator to Plaintiff for purposes of proving her discrimination claim, and 2) that there has been no showing that any notes actually exist or that Anderson, in fact, took notes at a meeting with Hofmann's co-workers occurring immediately before or after Aspen's decision to

---

[1] Plaintiff's initial request included an expansive list of documents from the personnel file of the former Aspen West Manager Monica Daly.

terminate Plaintiff.[2]

To set aside a discovery order by the Magistrate Judge, the District Court Judge must find that the order was clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b).

Upon review, it seems that the Magistrate Judge misapprehended the purpose of Plaintiff's discovery request and thus was mistaken in denying her the opportunity to access the Todd Anderson Notes/Files relating to the Mackey/Toone meetings. Hofmann does not assert that Daly was a comparator to her. Hofmann instead asserts that Daly was the real decisionmaker with respect to Hofmann's termination and that Daly's decision to fire Hofmann was in retaliation for Hofmann's complaints about Daly's FLSA and Title VII violations. Hofmann is attempting to prove that she could not actually have been fired for her negative attitude and comments because Mackey and Toone had been similarly negative with regard to Daly and they were not fired. Perhaps Hofmann also believes that the substance of these co-workers' discussions with Anderson will be shown to include corroborative statements supportive of the fact that Daly was the decisionmaker when it came to firing her and that Daly acted in response to (in retaliation to) Hofmann's complaints. Either way, Hofmann is entitled to review the Anderson meeting notes, if any there be.

---

[2] We have not been provided any explanation for why this specific question was not put directly to Anderson as part of written interrogatories or a deposition so that the issue of whether any notes were actually taken and retained and remain in the possession of Aspen could have been resolved prior to the filing of Plaintiff's request for production.

Because this is a discovery request, Hofmann is entitled to pursue the evidentiary thread she has identified in support of her theory of relief on the grounds that it may lead to admissible evidence. Though we have been informed that, in fact, no evidence exists that Todd Anderson made and/or retained such notes, as the Magistrate Judge found, and that Plaintiff has switched her explanation for why she is entitled to review Anderson's notes, which validates the Magistrate Judge's ruling on the Motion to Compel, and further that Plaintiff's document requests 6 and 12 were overly broad, as the Magistrate Judge found and with which we are in full agreement, the limited request for access to Anderson's notes is nonetheless permissible.

We note, in making this ruling, that we express no views regarding the strength of Plaintiff's theories of relief and her ability ultimately to prevail on her claims of retaliation by Aspen Dental acting by and through Ms. Daly. That Ms. Mackey has been deposed and Ms. Toone has provided an affidavit without either providing definitive information regarding whether Mr. Anderson took any notes during their meetings isn't grounds for allowing Ms. Hofmann another bite at that evidentiary "apple." Further, though we have been informed that the U.S. Department of Labor has apparently determined that Daly did not intentionally change employees' electronic time entries to keep overtime low, such a finding may or may not foreclose Plaintiff's entitlement to relief – we simply cannot say at this juncture.

Accordingly, the Objection to the Magistrate Judge's order on Plaintiff's Motion to Compel is sustained in part, namely, she is hereby permitted to inquire of Defendant

whether notes of the meetings between Todd Anderson and Ms. Mackey and/or Ms. Toone exist and, if so, and to the extent the notes record information regarding Ms. Daly, they must be produced for inspection by Plaintiff and her counsel. Ms. Daly is also entitled to review the referenced materials.

    IT IS SO ORDERED.

Date: _____05/23/2011_____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Rhett David Gonterman
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
rgonterman@zsws.com

Scott James Preston
LITTLER MENDELSON, P.C.
spreston@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com