UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE  DIVISION


CRYSTAL HOFMANN,                              )
                                             )
                    Plaintiff,               )
                                             )
        vs.                                  )          3:10-cv-37-SEB-WGH
                                             )
ASPEN DENTAL MANAGEMENT, INC.,  )
                                             )
                    Defendant.               )


**ENTRY**


        This cause is currently before the Court on Defendant's Partial Motion to Dismiss

and to Strike Allegations from Plaintiff's Amended Complaint [Docket No. 136], filed on

May 26, 2011; Defendant's Motion to Strike Plaintiff's Response in Opposition to

Motion to Dismiss as Untimely [Docket No. 147], filed on June 24, 2011; Plaintiff's

Motion for Leave to File a Second Amended Complaint [Docket No. 145], filed on June

21, 2011; Plaintiff's Motion to Supplement Designation of Evidence in Opposition to

Defendant's Summary Judgment Motion [Docket No. 150], filed on July 28, 2011; and

Defendant's Motion for Leave to File a Surreply [Docket No. 155], filed on August 29,

2011.  For the reasons detailed in this entry, we GRANT IN PART and DENY IN PART

Docket No. 136, GRANT Docket No. 147, GRANT Docket No. 145, GRANT Docket

No. 150; and GRANT Docket No. 155.

## I.    Defendant's Partial Motion to Dismiss and Plaintiff's Motion to Amend

Defendant has moved to dismiss Counts II and III of Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike paragraphs 62 through 76 of Plaintiff's Amended Complaint as irrelevant and scandalous under Federal Rule of Civil Procedure 12(f).[1]  We address these arguments in turn.

### A.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550

---

[1] Defendant has interposed a Motion to Strike Plaintiff's Response on the ground that that brief was filed untimely.  Plaintiff's counsel concedes that the brief was not timely filed, but requests that Defendant's Motion to Strike be denied because when Defendant filed the motion to dismiss, counsel was recovering from surgery following a skiing accident.  She contends that because she was focusing on her recovery, she mistakenly believed she had twenty-eight days within which to respond as is allowed for responding to a motion for summary judgment rather than the fourteen days (plus three days for electronic service) allowed for responding to a motion to dismiss.  See Fed. R. Civ. Pro. 6(d); Local Rule 7.1(b).  Although the Court sympathizes with Plaintiff's counsel's medical issues, during that same time period, she remained very engaged in the litigation in other ways, including reiterating her demand for the production of certain evidence, noticing seven additional depositions, and filing a timely response to Defendant's objections to an order issued by the Magistrate Judge.  See Docket Nos. 139, 141-1.  Thus, because Plaintiff's filing was untimely, in violation of the Local and Federal Rules, we GRANT Defendant's Motion to Strike.

U.S. at 555). "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."[2] Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)) (internal quotations omitted)).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

B.      Motion to Dismiss Count II and Plaintiff's Motion to Amend

Defendant argues that Count II of Plaintiff's First Amended Complaint, which alleges a claim for retaliation in violation of Title VII, must be dismissed because Plaintiff

---

[2] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Hillingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

failed to exhaust her administrative remedies before filing suit. "[A] claim in a civil action need not be a replica of a claim described in the [EEOC] charge, but there must be 'a reasonable relationship between the allegations in the charge and the claims in the complaint,' and it must appear that 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000) (quoting Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). In order to be reasonably related, "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." Cheek, 31 F.3d at 501 (emphasis removed).

There can be no dispute that Plaintiff failed to exhaust her administrative remedies on her Title VII claim as is obvious from the fact that the allegations contained in her EEOC complaint focus exclusively on discrimination under the Americans With Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). Accordingly, we GRANT Defendant's Motion to Dismiss Plaintiff's retaliation claim brought pursuant to Title VII (Count II).

However, it is clear upon review of the substantive allegations contained in the First Amended Complaint that Plaintiff intended to plead retaliation in violation of the ADA and ADEA[3] and that Plaintiff's counsel mistakenly cited to Title VII. Plaintiff has

---

[3] For example, in paragraph 34 of the First Amended Complaint, it is alleged that:

On or about July 1, 2009, Hofman filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Aspen alleging age and
(continued...)

4

requested leave to amend her complaint in order to correct this error.  Because Plaintiff brings a claim solely for retaliation for the filing of EEOC charges, not a claim for the underlying discrimination alleged in the charges, allowing Plaintiff to file a Second Amended Complaint in order to correct the error in citing to Title VII as opposed to the ADA and the ADEA will not affect the progression of the litigation as the elements of a prima facie case of retaliation under Title VII are the same as under the ADA or the ADEA.  Thus, allowing this amendment would not likely necessitate additional discovery by either party or require new briefing on the fully briefed motion for summary judgment filed by Defendant.  For these reasons, we GRANT Plaintiff's Motion to Amend to allege retaliation under the ADA and ADEA.

### C.    Count III

In Count III, Plaintiff alleges a claim for unpaid wages under the Fair Labor Standards Act ("FLSA"), seeking compensation "for all hours worked and hours worked in excess of forty (40) hours for applicable work weeks."  Am. Compl. ¶ 95.  It is well-established that the FLSA "does not provide a federal remedy for any and all breaches of payment obligations under employment contracts."  Braddock v. Madison County, 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998).  Rather, "[t]he core rights and obligations the

---

[3](...continued)
disability discrimination.

Am. Compl. ¶ 34.  There are no substantive allegations in the Amended Complaint regarding discrimination of the type covered under Title VII, to wit, discrimination based on race, color, religion, sex, or national origin.

FLSA creates are the minimum wage levels and entitlement to overtime pay for work above specified maximum hours set forth in 29 U.S.C. §§ 206 and 207." <u>Id.</u> Thus, the FLSA provides a private right of action to individuals if their employer either fails to pay them an hourly rate equal to or greater than the statutorily established minimum wage, (<u>see</u> 29 U.S.C. § 206), or fails to pay them overtime rates for hours worked in excess of forty per week (<u>see</u> 29 U.S.C. § 206).

Initially, we note that it is not clear based on Plaintiff's allegation that she is owed compensation "for all hours worked *and* hours worked in excess of 40 hours that were not paid," (Am. Compl. ¶ 98 (emphasis added)), whether she is intending to bring two separate claims pursuant to the FLSA or only one. However, if by alleging that she is due compensation "for all hours worked," she is intending to allege that she was not paid minimum wage for the hours she worked, her allegations in support of that claim are insufficient to meet the requirements of Federal Rules of Civil Procedure 8(a) and 12(b)(6). To state a claim for relief, Plaintiff is required to plead facts that would, if proved, establish a violation of the minimum-wage provisions of the FLSA. Here, however, Plaintiff alleges no facts such as her hourly rate or the number of hours she estimates she worked but was not paid from which the Court could infer that she received less than minimum wage at any point during her employment. Her allegations supporting Count III focus solely on the overtime provisions of the FLSA. Thus, if Plaintiff intended to allege that Defendant violated § 206 of the FLSA, she has failed to sufficiently plead such a claim. Accordingly, we <u>GRANT</u> Defendant's Motion to Dismiss any claim for a

violation of the minimum-wage provisions of the FLSA.

We find that Plaintiff has, however, sufficiently pled a claim alleging a violation of the overtime provisions of the FLSA. Specifically, Plaintiff alleges that on certain occasions while employed by Defendant she worked in excess of forty hours in a workweek, and that, although she electronically recorded those hours on a computer time clock, she was not compensated for that time because her supervisors subsequently altered her time entries to decrease the time shown for payroll purposes in order to avoid paying overtime so as to reduce overhead expenses and increase profits. Am. Compl. ¶¶ 16-17, 95-96. It is true, as Defendant points out, that some courts in other jurisdictions have required more detailed factual allegations as to the specific dates on which the plaintiffs claim they were not paid overtime and as to the amount of work that allegedly earned FLSA overtime compensation. See, e.g., Zhong v. August August Corp., 498 F. Supp. 2d 625 (S.D.N.Y. 2007). We are not bound by those decisions, however, and conclude that Plaintiff's allegations regarding FLSA overtime violations are at this stage at least plausible and sufficient to provide adequate notice to Defendant of the claim. The Rule 8(a) and 12(b)(6) pleading standards require nothing more. Although Defendant's arguments regarding the sufficiency of Plaintiff's proof may have merit, we do not address such arguments at the motion to dismiss stage. Accordingly, we DENY Defendant's Motion to Dismiss as to Plaintiff's claim brought pursuant to the FLSA's overtime provisions.

### D.    Paragraphs 62-76

Defendant also requests that the Court strike paragraphs 62 through 76 of the

Amended Complaint because it believes these paragraphs are "clearly holdover

allegations from Plaintiff's failed attempt to add a claim for "post-termination retaliation"

and have no relevance whatever to her claims of retaliation and unpaid wages."  Def.'s

Br. at 2.  Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "order

stricken from any pleading any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter."  However, "Rule 12(f) motions are disfavored and are

ordinarily not granted unless the language in the pleading at issue has no possible relation

to the controversy and is clearly prejudicial."  Baker v. Westinghouse Elec. Corp., 830 F.

Supp. 1161, 1168 (S.D. Ind. 1993) (Barker, J.) (quotations and citations omitted).  Upon

careful review of the allegations in question, we find that they may be relevant to

Plaintiff's argument that Defendant's proffered reason for her termination is pretextual.

Accordingly, we DENY Defendant's Motion to Strike.  If it later becomes clear that these

allegations are irrelevant, they may be excluded at that time.

## II.    Plaintiff's Motion to Supplement the Summary Judgment Record[4]

Plaintiff has requested leave to supplement the evidence she designated in support

of her opposition to the Defendant's Motion for Summary Judgment.  Specifically, she

---

[4] On August 29, 2011, Defendant moved for leave to file a surreply to Plaintiff's motion to supplement in order to address new legal theories raised by Plaintiff in her reply.  In order to allow Defendant the opportunity to fully respond to Plaintiff's motion to supplement, we GRANT Defendant's motion.  Defendant's surreply is deemed filed as of the date of this order.

requests leave to file the deposition testimony of a former co-worker, Jodi Putney, which was taken on July 7, 2011. Plaintiff asserts she was unable to submit this evidence sooner because discovery was stayed by order of the Magistrate Judge from January 20, 2011 to June 1, 2011, preventing Ms. Putney's deposition until after the due date of her response to Defendant's Motion for Summary Judgment which was March 8, 2011. When he issued the discovery stay, the Magistrate Judge did permit Plaintiff to select three individuals to be deposed prior to filing her response in order to "allow her an opportunity to demonstrate that evidence exists that other employees improperly and intentionally took protected information from the facility and were not disciplined." Docket No. 92. Consistent with the Magistrate Judge's order, Plaintiff deposed three witnesses before filing her response, but Ms. Putney was not one of the persons selected by Plaintiff.

Defendant opposes the instant motion to supplement, arguing that Plaintiff has mischaracterized the substance of Ms. Putney's deposition testimony, that it is in any event irrelevant, and that allowing the supplemental submission would negate the Magistrate Judge's order allowing Plaintiff to depose no more than three individuals before filing her response. Our review of the supplemental evidence persuades us that it may be relevant to show that other employees engaged in arguably similar conduct as Plaintiff but were not similarly disciplined. Moreover, in responding to Plaintiff's motion to supplement, Defendant has had the opportunity to address the new evidence and set forth counter designations of Ms. Putney's deposition testimony, all of which will be considered by the Court in ruling on the pending motion for summary judgment. Thus,

beyond having to incur the added expense of responding to the supplemental deposition, we see no prejudice to Defendant in allowing Plaintiff to supplement the record at this time. With regard to Defendant's argument that allowing Plaintiff to supplement would violate the Magistrate Judge's January 20, 2011 Order, the plain language of the Magistrate Judge's order limits Plaintiff to taking three depositions, but only before she filed her response. There is no indication that the Magistrate Judge meant by his order to foreclose the possibility of later supplementation if relevant information came to light.

For these reasons, Plaintiff's Motion to Supplement the Summary Judgment Record is <u>GRANTED</u> and the Court will consider the supplemental evidence submitted by Plaintiff as well as the counter-designated evidence submitted in response by Defendant in rendering our ruling on Defendant's Motion for Summary Judgment. In order to ameliorate any prejudice to Defendant stemming from having to respond to Plaintiff's late-breaking supplemental filing, Plaintiff is <u>HEREBY ORDERED</u> to pay the reasonable costs associated with Defendant's briefing this motion. Additionally, in order to ensure that this case moves as expeditiously as possible going forward, the summary judgment record is now closed and no further supplements will be accepted.

## III. Conclusion

For the foregoing reasons, we <u>GRANT IN PART</u> and <u>DENY IN PART</u> Defendant's Partial Motion to Dismiss and to Strike Allegations from Plaintiff's Amended Complaint [Docket No. 136]. The motion is <u>GRANTED</u> as to Plaintiff's Title VII retaliation claim and any claim brought pursuant to the FLSA's minimum-wage

provisions and <u>DENIED</u> as to Plaintiff's claim for unpaid wages brought pursuant to the

FLSA's overtime provisions and the request for paragraphs 62-76 to be stricken. We

<u>GRANT</u> Defendant's Motion to Strike Plaintiff's Response in Opposition to Motion to

Dismiss as Untimely [Docket No. 147] and Defendant's Motion to File Surreply [Docket

No. 155]. Plaintiff's Motion for Leave to File a Second Amended Complaint [Docket No.

145] and Plaintiff's Motion to Supplement Designation of Evidence in Opposition to

Defendant's Summary Judgment Motion [Docket No. 150] are both <u>GRANTED</u>.

       IT IS SO ORDERED.

Date:     09/06/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Rhett David Gonterman
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
rgonterman@zsws.com

Scott James Preston
LITTLER MENDELSON, P.C.
spreston@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com